UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| BEN B. SCHWARTZ & SONS, INC., a Michigan corporation, <br><br> Plaintiff, <br><br> vs. <br><br> PRODUCE BUYERS COMPANY, INC., a Michigan corporation, and SALVATORE CIPRIANO, an individual, <br><br> Defendants. | Case No.: |

## CIVIL ACTION COMPLAINT

For its Complaint, Plaintiff states:

## THE PARTIES

1.      Plaintiff is Ben B. Schwartz & Sons, Inc. ("Ben B. Schwartz"), a Michigan corporation with its principal place of business located at 7201 W. Fort Street, Detroit, MI  48209.

2.      Ben B. Schwartz's business consists of selling wholesale quantities of perishable agricultural commodities ("Produce") in interstate commerce.

3.      Defendants are:

a) Produce Buyers Company, Inc. ("Produce Buyers Company"), a Michigan corporation with its principal place of business located at 7201 W. Fort Street, Detroit, MI  48209.[1]  Produce Buyers Company is a

---

[1] Plaintiff and Defendant, Produce Buyers Company are both located at the Detroit Produce Terminal, thus having the same mailing addresses.

dealer and commission merchant subject to the Perishable Agricultural Commodities Act, 1930 ("PACA").[2]

b) Salvatore Cipriano ("Cipriano"), who resides in Wayne County, Michigan. Cipriano is the President of Produce Buyers Company and in that capacity, controlled or was in a position to control the assets of Produce Buyers Company.

4.      Produce Buyers Company and Cipriano will be referred to as "Defendants." Cipriano will be at times referred to as the "Principal" of Produce Buyers Company.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 because Ben B. Schwartz's claims arise under 7 U.S.C. §499e(b)(2) and 7 U.S.C. §499e(c)(5).  28 U.S.C. §1367(a) provides this Court with supplemental jurisdiction over Ben B. Schwartz's other claims.

6.      A substantial part of the events and omissions underlying this lawsuit occurred in this District, and the property that is the subject of this action is located here. Venue in this District is therefore proper under 28 U.S.C. §1391(b).

//

//

//

//

---

[2] 7 U.S.C. §§499a-499t.

## CLAIMS FOR RELIEF

## COUNT I:  PRODUCE BUYERS COMPANY

## DECLARATORY RELIEF VALIDATING PACA TRUST CLAIM

### *7   U.S.C. § §499e(c)(3) and (4)*

7.      Ben B. Schwartz re-alleges ¶¶1 through 6.

8.      Produce Buyers Company is a commission merchant, dealer, or broker subject to PACA and was issued a valid PACA license by the United States Department of Agriculture ("USDA") on or about May 24, 1979.

9.      Between July 9, 2012 and August 28, 2012, Ben B. Schwartz sold to Produce Buyers Company in interstate commerce, and Produce Buyers Company purchased, Produce in the total amount of $145,731.00.

10.      Ben B. Schwartz delivered the Produce to Produce Buyers Company, which accepted it.

11.      In accordance with PACA,[3] at the time Produce Buyers Company received the Produce, it became trustee of the PACA trust for the benefit of Ben B. Schwartz in the amount of $145,731.00.

12.      The *res* of the PACA trust includes Produce Buyers Company's inventories of Produce, food or products derived from Produce ("Products"), accounts receivable, proceeds of the sale of Produce or Products ("Proceeds"), and assets commingled with, purchased with or otherwise acquired with Proceeds. Assets subject to the PACA trust are hereinafter referred to as "PACA Trust Assets."

---

[3] 7 U.S.C. §499e(c)

13.     At the time of the sales underlying this lawsuit, Ben B. Schwartz held a valid PACA license issued by the USDA.

14.     Ben B. Schwartz gave written notice of its intent to preserve trust benefits to Produce Buyers Company by including the statutory language required by 7 U.S.C. §499e(c)(4) on each of its invoices and sending those invoices to Produce Buyers Company.

15.     Produce Buyers Company failed to pay for the Produce sold to it by Ben B. Schwartz.

16.     In accordance with 7 U.S.C. §499e(c), Ben B. Schwartz is an unpaid supplier and seller of Produce entitled to PACA trust protection and payment from Produce Buyers Company's PACA Trust Assets.

17.     Ben B. Schwartz seeks entry of an Order declaring that it holds a valid PACA trust claim in the amount of $145,731.00 against Produce Buyers Company and that its valid PACA trust claim includes interest from the date each invoice became past due, costs and attorneys' fees.

## COUNT II:  PRODUCE BUYERS COMPANY

## ENFORCEMENT OF PAYMENT FROM PACA TRUST ASSETS

### 7  U.S.C. §499e(c)(5)

18.     Ben B. Schwartz re-alleges ¶¶1 through 17.

19.     Produce Buyers Company is in possession, custody and control of PACA Trust Assets that must be held for the benefit of Ben B. Schwartz and other similarly situated PACA trust beneficiaries.

20.     Produce Buyers Company failed to use the PACA Trust Assets to pay Ben B. Schwartz for the sales of Produce described in ¶9.

21.     As a result, Ben B. Schwartz has suffered damages in the amount of $145,731.00, plus interest from the date each invoice became past due, costs and attorneys' fees.

22.     Ben B. Schwartz seeks an Order directing Produce Buyers Company to immediately pay to Ben B. Schwartz, as a beneficiary of the PACA trust, PACA Trust Assets equal to the sum of $145,731.00, plus interest from the date each invoice became past due, costs and attorneys' fees.

## COUNT III:  PRODUCE BUYERS COMPANY

### VIOLATION OF THE PACA:  FAILURE TO MAINTAIN PACA TRUST ASSETS AND CREATION OF COMMON FUND

#### *7   U.S.C. §499b(4)*

23.     Ben B. Schwartz re-alleges ¶¶1 through 22.

24.     Produce Buyers Company received the shipments of Produce described in ¶9.

25.     Ben B. Schwartz preserved its trust rights in accordance with 7 U.S.C. §499e(c)(4).

26.     PACA requires Produce Buyers Company, as a PACA trustee, to hold the PACA Trust Assets in trust for the benefit of Ben B. Schwartz and all other unpaid suppliers of Produce – if any exist – until all have been paid in full.

27.     Produce Buyers Company failed to maintain sufficient PACA Trust Assets

to fully satisfy all valid PACA trust claims, including the claim of Ben B. Schwartz asserted in this lawsuit.

28.     As a result of Produce Buyers Company's failure to maintain and protect the PACA Trust Assets from dissipation, Ben B. Schwartz has suffered damages in the amount of $145,731.00, plus interest from the date each invoice became past due, costs and attorneys' fees.

29.     Ben B. Schwartz seeks creation of a common fund from which all PACA trust beneficiaries may be paid by entering an Order directing Produce Buyers Company to maintain PACA Trust Assets in the amount of $145,731.00, plus the claims of all other unpaid suppliers of Produce that properly preserved their PACA Trust claims, directing Produce Buyers Company to replenish the PACA trust to a level sufficient to satisfy all qualified PACA trust claims, and enjoining Produce Buyers Company from dissipating PACA Trust Assets.

**COUNT IV:  PRODUCE BUYERS COMPANY**

**VIOLATION OF PACA: FAILURE TO PAY PROMPTLY**

*7   U.S.C. §499b(4)*

30.     Ben B. Schwartz re-alleges ¶¶1 through 29.

31.     Produce Buyers Company received each of the shipments of Produce described in ¶9 above.

32.     PACA requires Produce Buyers Company to tender full payment promptly to its unpaid suppliers of Produce.[4]

---

[4] 7 C.F.R. §46.2(aa).

33.     Produce Buyers Company failed to pay for the Produce supplied by Ben B. Schwartz within the payment terms.

34.     As a result of Produce Buyers Company's failure to pay promptly, Ben B. Schwartz has incurred damages in the amount of $145,731.00, plus interest from the date each invoice became past due, costs and attorneys' fees.

35.     Ben B. Schwartz seeks an Order directing Produce Buyers Company to immediately pay it the sum of $145,731.00, plus interest from the date each invoice became past due, costs and attorneys' fees.

**COUNT V:  PRODUCE BUYERS COMPANY**

**<u>BREACH OF CONTRACT</u>**

36.     Ben B. Schwartz re-alleges ¶¶1 through 35.

37.     As described in ¶9, Ben B. Schwartz entered into contracts with Produce Buyers Company for the purchase and sale of Produce.

38.     Produce Buyers Company breached those contracts by failing to pay for the Produce it received.

39.     As a result of Produce Buyers Company's breach of contract, Ben B. Schwartz has incurred damages in the amount of $145,731.00, plus interest from the date each invoice became past due, costs and attorneys' fees.

40.     Ben B. Schwartz seeks entry of a judgment in its favor and against Produce Buyers Company in the amount of $145,731.00, plus interest from the date each invoice became past due, costs and attorneys' fees.

## COUNT VI:  THE PRINCIPAL

## <u>BREACH OF FIDUCIARY DUTY TO PACA TRUST BENEFICIARIES</u>

41.     Ben B. Schwartz re-alleges ¶¶1 through 40.

42.     Cipriano is the President of Produce Buyers Company.

43.     Cipriano had full knowledge and responsibility for Produce Buyers Company's operations and financial dealings and to ensure that Produce Buyers Company fulfill its duties as trustee of the PACA trust.

44.     Cipriano had a duty to ensure that Produce Buyers Company maintain enough PACA Trust Assets to pay all PACA trust beneficiaries as those amounts became due.

45.     Produce Buyers Company breached its fiduciary duty to maintain the PACA trust.

46.     Cipriano breached his fiducaiary duty by failing to ensure that Produce Buyers Company fulfill its duties as PACA trustee.

47.     As a direct result of the breach of fiduciary duty by Cipriano, Ben B. Schwartz has incurred damage in the amount of $145,731.00, plus interest from the date each invoice became past due, costs and attorneys' fees.

48.     Ben B. Schwartz seeks entry of a judgment in favor of Ben B. Schwartz and against Cipriano in the amount of $145,731.00, plus interest from the date each invoice became past due, costs and attorneys' fees, less any monies Ben B. Schwartz receives from the PACA Trust Assets.

## COUNT VII: THE PRINCIPAL

## CONVERSION AND UNLAWFUL RETENTION OF PACA TRUST ASSETS

49.     Ben B. Schwartz re-alleges ¶¶1 through 48.

50.     Produce Buyers Company is a Michigan corporation of which Cipriano, upon information and belief, is the only officer and shareholder.

51.     Ben B. Schwartz believes that PACA Trust Assets were transferred by Produce Buyers Company to Cipriano.

52.     Any such transfer of PACA Trust Assets by Produce Buyers Company to Cipriano was a breach of the PACA trust.

53.     Cipriano must hold any PACA Trust Assets having come into his possession as trustee for the benefit of Ben B. Schwartz.

54.     Because Cipriano received and retained PACA Trust Assets from Produce Buyers Company, Ben B. Schwartz has been damaged in the amount of $145,731.00, plus interest from the date each invoice became past due, costs and attorneys' fees, less any monies it receives from the PACA Trust Assets.

55.     Ben B. Schwartz seeks entry of an Order directing Cipriano to disgorge any PACA Trust Assets in his possession or control to Ben B. Schwartz to the extent of $145,731.00, plus interest from the date each invoice became past due, costs and attorneys' fees, less any monies Ben B. Schwartz receives from the PACA Trust Assets.

## COUNT VIII:  PRODUCE BUYERS COMPANY

## PERMANENT INJUNCTION AND TURNOVER OF PACA TRUST ASSETS

56.     Ben B. Schwartz re-alleges ¶¶1 through 55.

57.     PACA, 7 U.S.C. §499e(c)(2) states in part:

"Perishable agricultural commodities received by a commission merchant, dealer, or broker in all transactions, and all inventories of food or other products derived from perishable agricultural commodities, and any receivables or proceeds from the sale of such commodities or products, shall be held by such commission merchant, dealer, or broker in trust for the benefit of all unpaid suppliers or sellers of such commodities or agents involved in the transaction, until full payment of the sums owing in connection with such transactions has been received by such unpaid suppliers, sellers, or agents."

58.     Produce Buyers Company was a commission merchant, dealer, or broker subject to the duties set forth in PACA.

59.     Produce Buyers Company breached its fiduciary duty to maintain enough PACA Trust Assets to pay all PACA trust beneficiaries, including Ben B. Schwartz, as those amounts became due.

60.     Because it is virtually impossible to recover trust assets once they have been dissipated, the loss to Ben B. Schwartz and other trust creditors is irreparable.

61.     Produce Buyers Company cannot be harmed by the issuance of a permanent injunction because the relief Ben B. Schwartz seeks is merely to force the Defendants to comply with their pre-existing obligations under federal law - that is, to preserve the PACA trust assets for the benefit of PACA beneficiaries and make "full payment promptly" on all produce related invoices.

62.     The strong preference for PACA trust creditors which Congress expressed in the 1984 trust amendments to PACA clearly demonstrates the public interest at stake in this case.

63.     Ben B. Schwartz seeks an Order permanently enjoining and restraining Produce Buyers Company, its officers, agents, servants, employees, attorneys, subsidiaries, assigns, banking and financial institutions, and all persons in active concert or participation with Produce Buyers Company, including Cipriano, from dissipating, paying, transferring, encumbering, assigning or selling any and all assets of Produce Buyers Company covered by or subject to the trust provisions of PACA without Ben B. Schwartz' agreement, further order of the Court, or until Defendants pay Ben B. Schwartz the sum of $145,731.00 by cashiers or certified check.

64.     Additionally, Ben B. Schwartz seeks an Order compelling Produce Buyers Company, Cipriano, and any third party, including banking and financial institutions, to turn over any PACA Trust Assets up to $145,731.00, plus interest from the date each invoice became past due, costs, and attorneys' fees to Ben B. Schwartz.

**FOR THESE REASONS,** Ben B. Schwartz requests:

A.      On Count I, an Order declaring that Ben B. Schwartz holds a valid PACA trust claim in the amount of $145,731.00 against Produce Buyers Company, and that its valid PACA trust claim includes interest from the date each invoice became past due, costs and attorneys' fees;

B.      On Count II, an Order directing Produce Buyers Company to immediately pay to Ben B. Schwartz PACA Trust Assets equal to the sum of $145,731.00, plus interest

from the date each invoice became past due, costs and attorneys' fees;

C.     On Count III, creation of a common fund from which all PACA trust beneficiaries may be paid by entering an Order directing Produce Buyers Company to maintain PACA Trust Assets in the amount of $145,731.00, plus the claims of all other unpaid suppliers of Produce that properly preserved their PACA Trust claims, directing Produce Buyers Company to replenish the PACA trust to a level sufficient to satisfy all qualified PACA trust claims, and enjoining Produce Buyers Company from dissipating PACA Trust Assets;

D.     On Count IV, an Order directing Produce Buyers Company to immediately pay Ben B. Schwartz the sum of $145,731.00, plus interest from the date each invoice became past due, costs and attorneys' fees;

E.     On Counts I through V, entry of Final Judgment against Produce Buyers Company, in the amount of $145,731.00, plus interest from the date each invoice became past due, costs and attorneys' fees;

F.     On Count VI, entry of a Final Judgment against Cipriano in the amount of $145,731.00, plus interest from the date each invoice became past due, costs and attorneys' fees, less any monies Ben B. Schwartz receives from the PACA Trust Assets;

G.     On Count VII, an Order directing Cipriano to disgorge any PACA Trust Assets in his possession or control to Ben B. Schwartz to the extent of $145,731.00, plus interest from the date each invoice became past due, costs and attorneys' fees, less any monies Ben B. Schwartz receives from the PACA Trust Assets;

H.     On Count VIII, an Order (1) permanently enjoining and restraining

Produce Buyers Company, its officers, agents, servants, employees, attorneys, subsidiaries, assigns, banking and financial institutions, and all persons in active concert or participation with Produce Buyers Company, including Cipriano, from dissipating, paying, transferring, encumbering, assigning or selling any and all assets of Produce Buyers Company covered by or subject to the trust provisions of PACA without Ben B. Schwartz's agreement, further order of the Court, or until Defendants pay Ben B. Schwartz the sum of $145,731.00 by cashiers or certified check and (2) compelling Produce Buyers Company, Cipriano, and any third party, including banking and financial institutions, to turn over any PACA Trust Assets up to $145,731.00, plus interest from the date each invoice became past due, costs, and attorneys' fees to Ben B. Schwartz; and

I.      Providing any and all such other relief as deemed appropriate by the Court upon consideration of this matter.

Respectfully submitted Friday, January 4, 2013.

**MEUERS LAW FIRM, P.L.**

/s/Steven E. Nurenberg
Steven E. Nurenberg
*Michigan Bar No. P43101*
5395 Park Central Court
Naples, FL  34109-5932
Telephone:  (239) 513-9191
Facsimile: (239) 513-9677
snurenberg@meuerslawfirm.com

Attorneys for Plaintiff, Ben B. Schwartz & Sons, Inc.