**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

BEN B. SCHWARTZ & SONS, INC.,

    Plaintiff,

v.                                          Case No. 13-10032

PRODUCE BUYERS COMPANY, INC. and
SALVATORE CIPRIANO,

    Defendants.
                                      /

**ORDER GRANTING PLAINTIFF'S *EX PARTE* MOTION
FOR TEMPORARY RESTRAINING ORDER**

This matter is before the court upon Plaintiff's *ex parte* motion for a temporary restraining order in accordance with Federal Rule of Civil Procedure Rule 65(b) and Eastern District of Michigan Local Rule 65.1. Pursuant to Rule 65(b), a temporary restraining order may be granted without notice to the adverse party only if:

(A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and

(B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

In this case, it appears from the affidavit of Nathan R. Stone, Chief Operating Officer for Plaintiff Ben B. Schwartz & Sons, Inc., and the certification of Plaintiff's counsel that Plaintiff is a produce dealer and trust creditor of Defendant Produce Buyers Company, Inc. under § 5(c) of the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. § 499e(c), and has not been paid, as required by the PACA, for produce supplied to Defendant in the total amount of $145,731.00. The same affidavit


and certification of counsel indicate that Defendant is in severe financial jeopardy, PACA trust assets are being dissipated or threatened with dissipation, and that Defendant may not be in a position to pay Plaintiff's claim. Based upon the pleadings, the affidavit, and Plaintiff's other submissions, it sufficiently appears Plaintiff will suffer immediate and irreparable injury due to Defendant's dissipation of Plaintiff's beneficial interest in the statutory trust created in accordance with 7 U.S.C. § 499e(c) and that such dissipation will continue in the absence of injunctive relief.  Therefore, a temporary restraining order should be issued.

The court finds that if notice of the pendency of this motion were given to Defendant, trust assets may be further threatened with dissipation before the motion is heard, and that recovery of trust assets would then be all but impossible.  Entry of this order without notice serves to preserve the trust assets under the control of this court. 7 U.S.C. §499e(c)(5).

In accord with Rule 65(b)(2), the applicant's attorney has sufficiently certified why notice should not be required.  Based on the foregoing, the court finds that Plaintiff will suffer immediate irreparable injury in the form of a loss of trust assets unless this order is granted without notice.  Accordingly,

IT IS ORDERED that Defendant Produce Buyers Company, Inc., its agents, officers, subsidiaries, assigns, banking and financial institutions, and all persons in active concert or participation with Defendant, including Salvatore Cipriano, are ENJOINED from dissipating, paying, transferring, assigning or selling any and all assets covered by or subject to the trust provisions of the PACA without agreement of Plaintiff, or until further order of this court.

IT IS FURTHER ORDERED that the assets subject to this order include all of the assets of Produce Buyers Company, Inc., unless Produce Buyers Company, Inc., can prove that a particular asset is not derived from perishable agricultural commodities, inventories of food or other products derived from perishable agricultural commodities or receivables or proceeds from the sale of such commodities or products.  However, Produce Buyers Company, Inc. may sell perishable agricultural commodities or products derived from perishable agricultural commodities for fair compensation, without right of set-off, on the condition that Produce Buyers Company, Inc. maintains the proceeds of such sale subject to this order.

IT IS FURTHER ORDERED that Produce Buyers Company, Inc. is DIRECTED to serve a copy of this order on all banking or financial institutions with which it conducts business, or any person or entity who may be holding assets for or on behalf of it subject to the PACA trust.  Within three days of service of this order upon these persons or entities, Produce Buyers Company, Inc. is DIRECTED to file a certificate of service with this court, which lists the persons or entities that were served with this order.

This order is binding upon the parties to this action, banking and financial institutions, and all other persons or entities who receive actual notice of this order by personal service, including facsimile transmission or federal express.

The $145,731.00 in PACA trust assets belonging to Plaintiff and in the possession of Defendants will serve as Plaintiff's security for this injunction as required by Federal Rule of Civil Procedure Rule 65(c).

IT IS FURTHER ORDERED that a hearing on Plaintiff's motion for a preliminary injunction is set for **January 11, 2013, at 2:00 p.m.** in courtroom # 712 of the Theodore

Levin United States Courthouse, 231 West Lafayette Blvd., Detroit, Michigan 48226.

IT IS FURTHER ORDERED that Plaintiff shall serve Defendants, or their resident agent, or their legal counsel, with a copy of this order by personal service, which may be done through provably acknowledged facsimile transmission, or receipted Federal Express, such that this order is in the hands of such person or entity not later than **12:00 p.m., January 9, 2013**. FURTHER, and in addition, Plaintiff shall make reasonable good faith efforts to notify either Defendants or their legal counsel through a person-to-person telephone conversation in which Plaintiff shall state the fact that the court has issued this order and set the hearing date as stated herein.

FINALLY, IT IS ORDERED that Defendants are DIRECTED to file and serve any response they may have to Plaintiff's motion for preliminary Injunction, along with any supporting documents, not later than **10:00 p.m., January 10, 2013**.

This temporary restraining order is entered on **January 8, 2013, at 11:55 a.m.**

    s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: January 8, 2013

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, January 8, 2013, by electronic and/or ordinary mail.

    s/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522