UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BEN B. SCHWARTZ & SONS, INC.,

    Plaintiff,

v.                                            Case No. 13-10032

PRODUCE BUYERS COMPANY, INC. and
SALVATORE CIPRIANO,

    Defendants.
                                            /

**ORDER GRANTING PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION**

On January 11, 2013, the court held a hearing on Plaintiff's motion for a preliminary injunction under Federal Rule of Civil Procedure 65(a) after proper notice was issued.  Counsel for Plaintiff appeared in person.  Defendant Salvatore Cipriano appeared in person while Defendant Produce Buyers Company, Inc. failed to appear through counsel for the hearing.

On January 4, 2013, Plaintiff commenced the above entitled action against Defendants, Produce Buyers Company, Inc. ("Produce Buyers Company") and Salvatore Cipriano (collectively referred to as "Defendants"), seeking to enforce payment from the statutory trust imposed by the Perishable Agricultural Commodities Act, 7 U.S.C. § 499e(c)(2) ("PACA").  As part of its action, Plaintiff sought injunctive relief against Defendants to enjoin and restrain them from violating the provisions of PACA and from dissipating assets subject to the PACA trust.

On January 8, 2013, the court issued a Temporary Restraining Order enjoining Defendant Produce Buyers Company, its agents, officers, subsidiaries, assigns, and

banking institutions from alienating, dissipating, paying, or assigning any PACA trust assets, without agreement of the parties or until further order of this court.

The court scheduled a hearing for entry of a preliminary injunction and ordered Plaintiff to serve a copy of the temporary restraining order ("TRO") on Defendants. Plaintiff has served copies of the TRO on all Defendants.

On January 10, 2013, Plaintiff moved to continue the preliminary injunction hearing. The court held the hearing as scheduled on January 11, 2013.

Based upon Plaintiff's pleadings, the affidavit of Nathan R. Stone, Chief Operating Officer of Plaintiff, and the supporting documents, the court finds that Defendant Produce Buyers Company purchased $145,731.00 in perishable agricultural commodities in interstate commerce from Plaintiff, Plaintiff provided Defendant Produce Buyers Company proper notice of intent to preserve trust benefits, and Defendant Produce Buyers Company failed to pay Plaintiff for the perishable agricultural commodities in violation of PACA, 7 U.S.C. § 499e(c).

The court further finds that Defendants have in fact dissipated the PACA trust by failing to maintain sufficient "freely available" assets to satisfy Plaintiff's PACA trust claims.

Plaintiff has established that there is sufficient evidence of dissipation of assets subject to the PACA trust to warrant the relief granted in this order, and the court concludes that a preliminary injunction should be issued. Accordingly,

IT IS ORDERED that:

1. Plaintiff's motion to continue hearing on its preliminary injunction motion [Dkt. # 12] is DENIED. Plaintiff's motion for a preliminary injunction [Dkt. # 6] is

GRANTED. Produce Buyers Company and its agents, officers (Defendant Salvatore Cipriano), subsidiaries, assigns, financial and banking institutions, and all persons in active concert or participation with them or who receive actual notice of this order are enjoined and restrained from dissipating, paying, transferring, assigning, or selling any and all assets covered by or subject to the trust provisions of the PACA without agreement of the parties, until further order of this court, or until Defendants pay Plaintiff the sum of $145,731.00 by cashiers or certified check.

      2.     Under § 499e(c)(2) of PACA, the assets subject to this order include all of the assets of Defendant Produce Buyers Company, including but not limited to any and all bank accounts at any and all financial institutions, including but not limited to those accounts at Huntington Bank, unless Defendants can prove to this court that a particular asset is not derived from perishable agricultural commodities, inventories of food or other products derived from perishable agricultural commodities or receivables or proceeds from the sale of such commodities or products.

      3.     Plaintiff shall not be required to give security in view of the fact that Defendant Produce Buyers Company now holds $145,731.00 of PACA trust assets that belong to Plaintiff and that this order merely requires said Defendant to obey the requirements of PACA.

      4.     Until further order from this court, Defendants shall have an affirmative obligation to maintain all documents related to all sales of produce and all payments received.

      5.     Within 48 hours of the entry of this order, Defendant Produce Buyers Company shall assign all of its accounts receivable to Plaintiff and deposit and/or

deliver complete accounts, records and information of all of its accounts receivable to Plaintiff's counsel subject to those accounts receivable being collected by Plaintiff's counsel.

6. Defendant Produce Buyers Company shall endorse any checks made, endorsed or paid to it which are trust assets subject to PACA and which are in its possession or obtainable by it at the time of the entry of this order, or which it obtains or which become obtainable by it after entry of this order, and deliver them, within 48 hours of receipt, to Plaintiff's counsel to be held in trust pending further determination by this court as to the distribution of those funds.

7. Defendants Produce Buyers Company and Salvatore Cipriano shall use their best efforts to cooperate with Plaintiff in any action which Plaintiff or its counsel may be required to take in collecting the accounts receivable or other trust assets, including any action at law or equity.

8. Immediately after the entry of this order, Salvatore Cipriano shall grant Plaintiff and its counsel, agents, or employees, full, complete, and continuing access to all of the books and records of Defendant Produce Buyers Company, which shall include but not be limited to tax returns, accounts, invoices, ledgers, computer runs, bank statements, and canceled checks relating to Produce Buyers Company for the purpose of verifying the accounting as ordered by this court.

9. Upon receipt of this order, Defendant Produce Buyers Company shall serve a copy of this order on all banking or financial institutions with which it conducts business, or any person or entity, including all banking or financial institutions, who may be holding assets for or on behalf of it.

10. Within 5 days after the entry of this order, Defendant Produce Buyers Company shall provide a detailed listing of the following to Plaintiff's counsel:

   a. All outstanding accounts receivable;
   b. Accounts payable;
   c. All other assets held in the name of Defendant Produce Buyers Company;
   d. All lawsuits currently pending instituted by or filed against Defendant Produce Buyers Company;
   e. Defendant Produce Buyers Company's cash, checks, deposits, or other monies in its possession or control; and
   f. All financial institutions where Defendant Produce Buyers Company has had an account within the past one year.

11. This order shall be binding upon Plaintiff, Defendant Produce Buyers Company, and its officers (including Salvatore Cipriano), agents, servants, employees, banking and financial institutions, attorneys, and/or all other persons or entities who receive actual notice of this order by personal service, including facsimile transmission or federal express.

12. This order shall continue in full force and effect, except upon further order of this court.

13. This court shall retain jurisdiction of this action to ensure complete compliance with the terms of this order.

                                       S/Robert H. Cleland
                                       ROBERT H. CLELAND
                                       UNITED STATES DISTRICT JUDGE

Dated: January 17, 2013

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, January 17, 2013, by electronic and/or ordinary mail.

                                       S/Lisa Wagner
                                       Case Manager and Deputy Clerk
                                       (313) 234-5522

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, January 17, 2013, by electronic and/or ordinary mail.

                                           s/Lisa Wagner
                                        Case Manager and Deputy Clerk
                                        (313) 234-5522